UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH D. KILBY,

    Petitioner,

                                  Case No. 2:14-cv-10020

v.

                                  Honorable Patrick J. Duggan

MARY BERGHUIS,

    Respondent.

_____/

## OPINION AND ORDER (1) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Keith D. Kilby ("Petitioner") seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his pro se application, Petitioner challenges his

---

[1] The Michigan Department of Corrections's Offender Tracking Information System ("OTIS"), which this Court is permitted to take judicial notice of, *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004), indicates that petitioner was discharged from his sentence on August 28, 2015 and is no longer in custody. The language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S Ct. 1923, 1924-25 (1989). Whether a petitioner is in custody for purposes of the habeas corpus statute is determined at the time that the petition is filed. *Sevier v. Turner*, 742 F. 2d 262, 268 (6th Cir. 1984). Because petitioner was serving his sentence when he filed his petition, he satisfies the "in custody" requirement of §§ 2241(c)(3) and 2254(a), despite his subsequent discharge. Once federal jurisdiction has attached to a habeas petition in federal district court, "it is not defeated by the release of the petitioner prior to completion of proceedings" on

guilty plea conviction of operating a motor vehicle while intoxicated, third offense (OWI 3rd), Michigan Compiled Laws § 257.625(1)(b), and operating a vehicle with a suspended license, second offense, *id.* § 257.90(1). For the reasons stated below, the Court will deny the petition for writ of habeas corpus.

## I. Background

On June 16, 2011, Petitioner pleaded guilty to the above offenses in the Washtenaw County Circuit Court. In exchange for his plea to counts one and three, the prosecutor agreed to remand count two (a domestic assault charge) to the district court for further proceedings and to dismiss the habitual offender sentencing enhancement. Prior to accepting the guilty plea, the trial court informed Petitioner of the maximum penalty for operating under the influence, third degree and operating while suspended, revoked, or denied, second offense. (Plea Hrg. Tr. 4.) Petitioner specifically acknowledged that he had not been coerced or pressured into pleading guilty. (*Id.* at 5-6.) Petitioner admitted that on May 13, 2011, he was driving his car while intoxicated, with a blood alcohol level of at least .08 grams per 210 liters of breath. (*Id.* at 6.) After some back and forth with the trial court regarding which prior operating while intoxicated charges he acknowledged as

---

his or her habeas application. *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S. Ct. 1556, 1560 (1968).

having occurred, Petitioner stated on the record that he had at least two prior convictions for operating under the influence and admitted that his licence was suspended when charged with the current offense of operating under the influence. (*Id.* at 6-8; *id.* at 8 ("Yes, yes sir. I have been convicted two times, yes sir.").)

On July 7, 2011, the state court sentenced Petitioner to a term of incarceration between eighteen months to five years.

Following the imposition of his sentence, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the following claim:[2]

> I. Kilby is entitled to appellate review of his sentence for OUIL 3rd degree because the minimum term of imprisonment is disproportionate to the offense and this offender and an abuse of sentencing discretion despite being in accord with the statutory sentencing guidelines.

The Michigan Court of Appeals denied the application "for lack of merit in the grounds presented." *People v. Kilby*, No. 311160 (Mich. Ct. App. May 15, 2013).

Petitioner then filed an application for leave to appeal with the Michigan

---

[2]In the State of Michigan, a criminal defendant convicted pursuant to a plea of guilty has more limited appellate rights than a defendant convicted by a jury. When a criminal defendant pleads guilty, he or she is no longer entitled to a direct appeal as a matter of right. *See* Mich. Ct. R. 6.302(B)(5). The trial court judge advised Petitioner of this limited right of appeal during the plea colloquy. (Plea Hr'g Tr. 5.)

Supreme Court raising the claim asserted in the Michigan Court of Appeals, as well as the following additional claim:

> II. 1) Evidence of BAC (not on video), 2) Out of State DUI convictions Stephens County, Ga., 3) Ineffective assistance of Counsel - Sara Terre, Christopher Renne, Sheila Hughs, 4) Fruit of the Poisonous Tree Doctrine.

The Michigan Supreme Court denied the application in a standard order. *People v. Kilby*, 495 Mich. 881, 838 N.W.2d 560 (2013).

Petitioner subsequently filed a petition for writ of habeas corpus, seeking relief on the following ground:

> I. An error in the sentencing did in fact occur during the court proceedings. The transcripts will show that the defendant did inform the court of prior convictions that were in fact a refusal, erroneous, or merely not on his record. The court abused its discretion according to Habeas Corpus 230 by using a false conviction to enhance a misdemeanor to a felony to get a prison sentence. The Defendant plead guilty to a SECOND offense OUIL and was sentenced to a Third and Subsequent OUIL in the 22nd Circuit Court in Washtenaw County under presiding Judge David Scott Swartz (P22850).

While the arguments set forth in Petitioner's habeas application are less than entirely clear, it appears that he challenges the factual basis for his plea, as well as the legitimacy of his sentence. The Court notes that the petition makes passing reference to ineffective assistance of counsel, but the claim is undeveloped and it is not the duty of this Court to make arguments on Petitioner's behalf.

## II. Standard of Review

4

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub. L. No. 104-132, 110 Stat. 1214. In order to grant relief, this Court must conclude that the state court's decision "with respect to any claim that was adjudicated on the merits in State court proceedings" was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[]" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The Supreme Court has expounded upon the meanings of the two clauses contained in 28 U.S.C. § 2254(d)(1). *Williams v. Taylor*, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519 (2000) (O'Connor, J., opinion of the Court for Part II) ("[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning."). "A state-court decision is contrary to clearly established federal law if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009) (alterations in original) (internal quotation marks omitted) (quoting *Williams*, 529 U.S. at 405, 120 S. Ct. at 1519).

5

Alternatively, "[i]f the state court identifies the correct governing legal principle . . . , habeas relief is available under the unreasonable application clause if the state court unreasonably applies that principle to the facts of the prisoner's case or unreasonably extends or unreasonably refuses to extend a legal principle from the Supreme Court precedent to a new context." *Akins v. Easterling*, 648 F.3d 380, 385 (6th Cir. 2011) (internal quotation marks and alterations omitted). A federal court may not find a state court's application of Supreme Court precedent unreasonable if it is merely "incorrect or erroneous. [Rather, t]he state court's application must have been 'objectively unreasonable.'" *See, e.g.*, *Wiggins v. Smith*, 539 U.S. 510, 520-21, 123 S. Ct. 2527, 2535 (2003) (citations omitted).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411, 120 S. Ct. at 1522. "Rather, it is the habeas applicant's burden to show that the state court applied [Supreme Court precedent] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25, 123 S. Ct. 357, 360 (2002).

Factual determinations made by state court judges in the adjudication of claims cognizable on habeas review are accorded a presumption of correctness. 28 U.S.C.

§ 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Id.* Moreover, habeas review of claims adjudicated on the merits is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. __, 131 S. Ct. 1388, 1398 (2011).

As the authority cited above makes clear, AEDPA "imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773, 130 S. Ct. 1855, 1862 (2010) (citing cases); *see also Nields v. Bradshaw*, 482 F.3d 442, 449 (6th Cir. 2007).

### III. Analysis

**A.     Exhaustion**

As an initial matter, the Court notes that Petitioner failed to exhaust each of his claims in the state courts prior to the institution of the present habeas proceeding. It is well-established that a prisoner filing a habeas petition under 28 U.S.C. §2254 must first exhaust all state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999) ("[S]tate prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the

state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 107 S. Ct. 1671, 1674 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Although there exists a remedy for petitions containing both exhausted and unexhausted claims, that is, the now-familiar stay-and-abeyance procedure, and Petitioner could return to the state courts and seek relief under Michigan's post-conviction relief mechanisms, the exhaustion requirement is not a jurisdictional prerequisite to the adjudication of a habeas petition. *Granberry*, 481 U.S. at 134-35, 107 S. Ct. at 1673-75. For example, a federal court may address an unexhausted claim if pursuit of a state court remedy would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (permitting a

federal court to deny a habeas petition on the merits notwithstanding the applicant's failure to exhaust state remedies).

In the instant case, the Court concludes that the unexhausted claims are meritless and federal-state comity would not be offended by reaching the merits of the claims set forth in Petitioner's habeas application.

**B.     Factual Basis Claims**

Although Petitioner's habeas application does not cogently set forth independent claims for this Court to address, the first set of "claims" this Court will address implicate the factual basis for Petitioner's plea of guilty.  Indeed, despite Petitioner's assertion that he is not challenging his guilty plea, he goes on to challenge the factual basis for his plea by claiming that the blood alcohol level tests were somehow inaccurate or nonexistent, and further asserts that he did not have enough prior convictions to satisfy the element that he have two prior convictions for operating under the influence, third offense.

Under Michigan law, before a trial court may accept a criminal defendant's plea, "the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." Mich. Ct. R. 6.302(D)(1).  A violation of a state law procedural rule, however, does not provide a basis for federal habeas relief. *Estelle v. McGuire*, 502

U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law. Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (internal quotation marks and citations omitted). Moreover, there is no federal constitutional requirement that a factual basis be established to support a guilty plea. *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 167 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."); *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995); *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *Bonior v. Conerly*, 416 F. App'x 475, 478 (6th Cir. 2010) (stating that "[t]here is no constitutional requirement that a trial judge inquire into the factual basis of a plea" and affirming denial of habeas relief on similar claim).

Petitioner's claim that the trial court failed to establish a sufficient factual basis to support his guilty plea does not provide a basis for federal habeas relief, because there is no federal constitutional requirement that a factual basis supporting a guilty plea be established, or that the defendant admit factual guilt, so long as the plea is

10

intelligently and voluntarily made. As such, Petitioner's challenge to the sufficiency of the factual basis of his plea is not cognizable on federal habeas review. The Court therefore determines that habeas relief is not warranted on this claim.

Further, the Court notes that despite Petitioner's protestations regarding the prosecution's failure to present sufficient evidence to prove beyond a reasonable doubt that he was guilty of OWI, third offense (this failure being that the prosecution failed to prove that petitioner had two prior OWI convictions, to support a conviction for OWI, third offense), Petitioner unequivocally stated under oath on the record that he had been convicted of operating under the influence twice previously. (Plea Hr'g Tr. 8.) Petitioner also challenges the accuracy of the blood alcohol test administered to determine that he was intoxicated. Neither challenge to the factual basis of Petitioner's plea undermines the knowing, voluntary, or intelligent nature of the plea, and an unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608 (1973). By pleading guilty, petitioner waived his right to challenge the sufficiency of the evidence to convict him of this charge. *United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987); *United States v. Hawkins*, 8 F. App'x 332, 334 (6th Cir. 2001).

In sum, Petitioner has not demonstrated that his convictions were secured in

contravention to the United States Constitution or federal law. He is therefore not entitled to habeas relief on the claims addressed above.

## C. Sentencing Claims

Petitioner further challenges his sentence, arguing that his guidelines were improperly scored and that he should not have actually had to serve time because of the questions surrounding whether he had sufficient prior convictions to be sentenced as a third-time offender. The latter issue goes to the sufficiency of the factual basis of Petitioner's plea, which the Court addressed, and rejected, immediately above. As to the former claim, a state court's interpretation and application of state sentencing laws is a matter of state concern, *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003), and "[a] federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 875 (1984). Federal courts must "defer to a state's judgment on issues of state law" and "accept a state court's interpretation of its statutes." *Israfil v. Russell*, 276 F.3d 768, 771-72 (6th Cir. 2001). Consequently, Petitioner's sentencing claims are not cognizable on federal habeas review. *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001).

Habeas relief is therefore not warranted on Petitioner's sentencing claims.

## IV. Certificate of Appealability

Petitioner may not appeal the Court's denial of his habeas petition unless a district or circuit judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000)). Where, as here, "a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604.

Having conducted the requisite inquiry, the Court concludes that reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore declines to issue a certificate of appealability.

## V. Conclusion and Order

For the reasons stated, the Court concludes that Petitioner has failed to demonstrate that he entitled to the relief he seeks in his petition for writ of habeas corpus.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED** and a certificate of appealability **SHALL NOT** issue.

Dated: September 21, 2015

                               s/PATRICK J. DUGGAN
                               UNITED STATES DISTRICT JUDGE

**Copies to:**

**Keith Kilby**, 808673
711 Browning Ct., Apt. # 3
Ypsilanti, MI 48198


**David H. Goodkin, AAG**
**Laura Moody, AAG**